NOT FOR PUBLICATION
UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY
----------------------------------------------------------X

| | |
|---|---|
| In Re: | Chapter 7 |
| JOHN CLEMENTE, | Case No.: 08-10812 (MBK) |
| | Adversary No.: |
| Debtor. | |

----------------------------------------------------------X

APPEARANCES:

Steve W. Ianacone, Esq.
Special Assistant U.S. Attorney
One Newark Center, Suite 1500
Newark, NJ 07102
Attorney for the United States of America

Milton Bouhoutsos, Jr., Esq.
1913 Atlantic Avenue
Suite 190
Manasquan, NJ 08736
Attorney for Debtor

Brian W. Hofmeister, Esq.
Teich Groh
691 State Highway 33
Trenton, NJ 08844
Attorney for Chapter 7 Trustee, Barry Frost, Esq.

**MICHAEL B. KAPLAN, U.S.B.J.**

**MEMORANDUM DECISION**

**I.   INTRODUCTION**

This matter is before the Court by way of a Motion for Reconsideration ("Motion") filed on behalf of the United States of America ("United States").  Through the Motion, the United States seeks to vacate the order granting the Chapter 7 Trustee's motion to expunge, reduce, and

modify the United States' two proofs of claims [Docket Entry No. 412] under Fed. R. Bankr. P. 9024. The Chapter 7 Trustee ("Trustee") does not oppose the United States' Motion and consented to the amended priority claim subsequently filed by the Internal Revenue Service ("IRS"). Dr. John Clemente ("Debtor") opposes the United States' Motion and disputes the amount and the dischargeability of the IRS's claim. Several hearings and conferences were held in an effort to resolve this Motion, including oral argument heard on June 21, 2011, October 18, 2011, and June 5, 2012; a Conference Call on August 15, 2012 and a final hearing on November 20, 2012. For the reasons set forth below, The United States' Motion is GRANTED.

The Court has jurisdiction over this contested matter under 28 U.S.C. §§ 1334(a) and 157(a) and the Standing Order of the United States District Court dated July 10, 1984, referring all bankruptcy cases to the bankruptcy court. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2)(B) and (I). Venue is proper in this Court pursuant to 28 U.S.C. § 1408. The following constitutes the Court's finding of fact and conclusions of law as required by Fed. R. Bankr. P. 7052.[1]

## II.    FACTS/PROCEDURAL HISTORY

On January 17, 2008, the Debtor filed for relief pursuant to Chapter 11 of the Bankruptcy Code. On June 3, 2009, the case was converted to a Chapter 7 bankruptcy and Barry Frost, Esq. was appointed as the Chapter 7 Trustee ("Trustee"). On July 16, 2010, Debtor, who at the time was represented by Timothy P. Neumann, Esq., filed a Motion to Expunge Claims of United States of America, Internal Revenue Service [Docket Entry No. 356]. In light of questions raised as to the Debtor's standing to pursue his objection, no action was taken on the motion. On November 15, 2010, the Trustee filed a Motion to Modify, Reduce and Expunge Claims of the

---

[1] To the extent that any of the findings of fact might constitute conclusions of law, they are adopted as such. Conversely, to the extent that any conclusions of law constitute findings of fact, they are adopted as such.

IRS [Docket Entry No. 389].  The Trustee's motion went unopposed and the Court granted the motion on December 14, 2010.  Immediately thereafter, the United States filed a Motion to Reconsider [Docket Entry No. 420] on December 28, 2010, seeking reconsideration of the Court's Order granting the Trustee's Motion to Modify, Reduce and Expunge Claims of the IRS.  The Motion to Reconsider is the subject of this Opinion and Order.

Oral argument on the Motion to Reconsider was held first on June 21, 2011.  At that time, the Trustee indicated that, prior to the conversion of the bankruptcy from a Chapter 11 to a Chapter 7, there had been an agreement between the parties to fix the IRS's claim at approximately $250,000.00, but which failed to classify the claim.  As a result, the Trustee filed his motion to treat the IRS's claim a general unsecured claim.  As discussed above, that motion went unopposed, was granted and gave rise to the Motion to Reconsider presently before the Court.  Also during the June 21, 2011 hearing, the parties discussed the ramifications to the Debtor with regard to the classification of the IRS's claims; namely, the impact that the claims' classification would have on their dischargeability .  The Debtor also challenged the amount owed to the IRS, specifically the calculation of interest and penalties.  The parties were directed to discuss the calculation of the tax owed and the type of debt it comprised and submit a Consent Order.  On June 27, 2011, the Court issued an Interim Order [Docket Entry No. 443] which required the IRS to withdraw any and all liens against the Debtor.  The Court reserved determination as to the amount, extent and classification of any liabilities that the Debtor might have to the IRS.

Oral argument on these issues was held again on October 18, 2011.  At that time, the Trustee indicated that he consented to the amended proof of claim filed by the United States.  The Debtor, however, expressed concern that the IRS's claim would give rise to a non-

dischargeability claim and he objected to its classification as priority. While noting that the Debtor's objection should properly be brought in the form of an adversary proceeding, the Court, with the consent of the parties, made certain procedural determinations in order to expedite resolution of the issues, including a determination as to dischargeability of the indebtedness. Specifically, the Court treated the Trustee's Motion to Expunge [Docket Entry No. 389], initially filed by the Debtor in Possession's counsel [Docket Entry No. 356], as an adversary Complaint seeking to determine the dischargeability of the debt arising from the tax obligations that are reflected in the IRS's amended proof of claim. The Court then treated the United States' Motion for Reconsideration as an Answer to that Complaint.[2] A trial date was set and the parties were directed to commence discovery.

On November 28, 2011 the Trustee and the United States entered into a Consent Order [Docket Entry No. 462] which allowed the IRS's priority claim in the amount of $299,590.53 and general unsecured claim in the amount of $654.75. Despite the filing of that Consent Order, the Debtor continued to dispute the amount and the dischargeability of the IRS's claim. The Debtor's primary argument has been that he was assured previously by an IRS agent, Ira Goldsmith, that his payments would first be applied toward the principal tax owed, but that the payments were instead applied to interest and penalties. As a result, the Debtor asserts that the accruing interest and penalties on the tax owed has been calculated incorrectly and, thus, the IRS's amended proof of claim amount is inaccurate.

A hearing was held on June 5, 2012, during which the Debtor's accountant testified in an effort to address the accuracy of the claim. At the close of the June 5th hearing, the IRS offered to submit a certification from IRS Agent Goldsmith to contradict the Debtor's assertion that he

---

[2] The Court afforded the United States the opportunity to supplement their Answer, however, no additional documentation was filed.

had been assured by Mr. Goldsmith that payments would be applied to principal first.[3] The Debtor objected to the submission of a certification and instead requested that Mr. Goldsmith be produced on another date for cross-examination.

A conference call between the Debtor and the United States was held on August 15, 2012, during which the parties discussed continuing discovery efforts. The trial date was adjourned. A final hearing was held on November 20, 2012, during which the parties again discussed discovery and the procedural posture of the case. During the November 20th hearing, the Debtor indicated that he had received a letter from the IRS which evidences the alleged promise that the Debtor's payments would first be applied to the principal. However, the Debtor did not offer into evidence a copy of this letter during the hearing. Consequently, the Court ordered the production of this letter, afforded the parties 30 days to make final submissions and again reserved judgment on the issue. The parties submitted summary briefs and certifications; however, no letter from the IRS has been produced. The record was closed 30 days after the November 20th hearing. For the reasons set forth below, the United States' Motion for Reconsideration is GRANTED and the Court makes the following determinations with regards to the amount and classification of the IRS's claim against the Debtor.

### III.   ANALYSIS

#### A.  Debtor's Responsibility for Tax Liability

Although not directly at issue in this Motion for Reconsideration, the Court will briefly address the Debtor's liability for this tax obligation, including interest and penalties, for purposes of clarification. Section 6672(a) of the Internal Revenue Code provides, in relevant part:

---

[3] While the IRS did not produce Mr. Goldsmith at this hearing, he had not been subpoenaed by the Debtor's counsel.

> "Any person required to collect, truthfully account for, and pay over any tax, imposed by this title who willfully fails to collect such tax, or truthfully account for an pay over such tax… in addition to other penalties provided by law, be liable to a penalty equal to the total amount of such tax… not collected, or not accounted for and paid over."

I.R.C. §6672. The Debtor explains that his failure to make payments on his tax liability was due to the fact that he was incapacitated while recovering from a heart attack sustained in January of 2004.[4] In addition, the Debtor states that he was also going through a protracted divorce. As a result, the Debtor contends that his failure to pay was not willful, but was a result of unfortunate circumstances for which he should not be punished in the form of penalties and interest. However, the United States points out that the Debtor made payments on his tax liability during his period of recovery. As evidenced by the Certified Transcripts submitted by the United States, the Debtor's company made payments on the Debtor's behalf from February, 2004, through June, 2005. No additional payments were made until October, 2008.[5] Further, the United States notes that the Debtor has not provided justification for his failure to pay his personal income taxes prior to sustaining the heart attack. Consequently, the United States submits that the Debtor's failure to pay constitutes a willful refusal rendering the Debtor "liable to a penalty equal to the total amount of such tax" pursuant to I.R.C. §6672.

The Court agrees with the United States that the Debtor's failure to pay his tax liability during the period in question constitutes a willful refusal. The Debtor has not provided any valid justification for his failure to make payments from 2005 to 2008. The Court does not find persuasive the Debtor's argument that the IRS has failed to produce evidence to establish willfulness. To the contrary, the United States has established that the Debtor was able to make

---

[4] The Debtor's attorney certifies that the Debtor sustained his heart attack in 2003. Regardless of the exact date of the onset of the Debtor's medical condition, it is undisputed that the Debtor was rehabilitating from cardiac arrest during 2004 and 2005.
[5] A payment made in September, 2008, was "dishonored."

payments in 2004 and 2005, the time period which the Debtor contends to be his most acute period of rehabilitation. *See Debtor's Legal Brief*, Docket Entry No. 489, *3; *see also Certification of Debtor*, Docket Entry No. 490, *1-2. Thereafter, the Debtor failed to make payments despite his ability to do so and absent a compelling justification for his failure to do so. Accordingly, the Court finds that the Debtor willfully refused to pay his tax liability and, pursuant to I.R.C. §6672, the Debtor is liable for penalties and interest.

### B. Calculation of Debtor's Tax Liability

In addition to disputing the application of penalties and interest against him, the Debtor also challenges the calculation of said penalties and interest. The Debtor argues that he was promised that his payments would be applied to principal first. However, the Debtor has not submitted any evidence, aside from his own testimony, to support his position. While the Debtor submits that the alleged promise-maker, IRS Agent Goldsmith, has never been produced by the United States for cross-examination, the Court notes that the Debtor took no action to subpoena Agent Goldsmith. In addition, the alleged letter from the IRS memorializing this promise has never been produced and is seemingly non-existent. Further, the checks submitted by the Debtor bear no designation which would have instructed the IRS to apply the payment to principal first, and these checks were written from the Heart Center, P.C., rather than the Debtor, individually.

There is nothing before the Court to suggest that the payments from the Debtor should have been applied to the principal first as opposed to the standard method of payment application employed by the IRS. Accordingly, there is nothing which suggests that the Debtor's tax liability, specifically with respect to interest and penalties, was calculated incorrectly. The Court, therefore, accepts the IRS's amended proof of claims and fixes the Debtor's tax liabilities owed to the IRS in the amounts of $299,590.53 and $654.75.

### C.  Classification of Debtor's Tax Liability

With respect to the classification of the Debtor's tax liability, the United States submits that the IRS's claim is a priority claim pursuant to 11 U.S.C. § 507(a)(8)(C).  The Debtor's brief is silent as to this issue and instead focuses on the Debtor's liability and the accurate calculation of the tax liability owed to the IRS.  The only allusion to the classification issue in the Debtor's brief is a reference to the Court's previous Order [Docket Entry No. 412] which granted the Trustee's motion and reduced and modified the IRS's claim to a general unsecured claim.  Absent an argument to the contrary, and having previously determined that the Debtor is, in fact, liable for the tax liability, including interest and penalties, the Court finds that the IRS's claim for $299,590.53 is a priority claim pursuant to 11 U.S.C. § 507(a)(8)(C).  Accordingly, the claim is non-dischargeable pursuant to 11 U.S.C. § 523(a)(1)(A).

### IV.  CONCLUSION

After evidentiary hearings, oral argument and post-hearing submissions by the parties, the Court finds that there was no basis to expunge or reduce the IRS's claims.  The Court rules in favor of the IRS and reconsiders its Order reducing and expunging the IRS's claims.  Since the filing of the Motion to Reconsider, the Trustee and the United States have submitted a Consent Order with respect to the amount and classification of the IRS's claim.  Consistent with that Order, the Court hereby fixes the IRS's priority claim in the amount of $299,590.53 and the IRS's general unsecured claim in the amount of $654.75.  To the extent these claims are priority claims, they are non-dischargeable and only non-priority claims are deemed dischargeable.  Accordingly, the IRS's Motion for Reconsideration [Docket Entry No. 420] is GRANTED and the Court's Order expunging and reducing the IRS's claim [Docket Entry No 412] is

VACATED.  Counsel for the United States is directed to submit an Order consistent with this Memorandum Opinion.

Dated: January 16, 2013

Honorable Michael B. Kaplan
United States Bankruptcy Judge